UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALCOLM JEMMOTT,

                            Plaintiff,

                            v.                                9:13-CV-1020
                                                                   (FJS/TWD)
ERIC VAN ALLEN, Detective;
EDWARD A. SHUMAN, JR., Detective;
and JOHN TREMPER, Lieutenant,

                            Defendants.
_____

**APPEARANCES**                                   **OF COUNSEL**

**MALCOLM JEMMOTT**
Ulster County Jail
380 Boulevard
Kingston, New York 12401
Plaintiff *pro se*

**COOK, NETTER, CLOONAN,**               **ERIC M. KURTZ, ESQ.**
**KURTZ & MURPHY, P.C.**
85 Main Street
P.O. Box 3939
Kingston, New York 12402
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge Dancks' March 10, 2015 Report-Recommendation and Order, *see* Dkt. No. 37, and Defendants' objections thereto, *see* Dkt. No. 38.

      In his complaint, Plaintiff alleged that Defendants Van Allen and Shuman subjected him to excessive force when he was detained at the City of Kingston Police Headquarters and that Defendant Tremper failed to protect him from that force. *See* Dkt. No. 1. Defendants moved for

summary judgment. *See* Dkt. No. 29.

In her Report-Recommendation and Order, Magistrate Judge Dancks, after reviewing the parties' accounts of what occurred during the incident in question, concluded that "[t]hese competing versions of what transpired do not establish that either party is entitled to judgment as a matter of law. Rather, they raise triable issues of fact for a jury to determine." *See* Dkt. No. 37 at 9. Therefore, she recommended that this Court deny Defendants' motion for summary judgment with respect to Plaintiff's claims that Defendants Van Allen and Shuman subjected him to excessive force. *See id.* at 9-10.

With regard to Plaintiff's failure-to-intervene claim against Defendant Tremper, Magistrate Judge Dancks found that Defendant Tremper had demonstrated that he did not have a realistic opportunity to intervene and prevent any harm to Plaintiff and that Plaintiff had failed to meet his burden to raise a triable issue of fact that Defendant Tremper had actual knowledge of another officer's use of excessive force. *See id.* at 10-12. Therefore, Magistrate Judge Dancks recommended that this Court grant Defendants' motion for summary judgment and dismiss Plaintiff's claim against Defendant Tremper. *See id.* at 12.

Defendants filed objections to that part of Magistrate Judge Dancks' Report-Recommendation and Order in which she denied their motion for summary judgment with respect to Plaintiff's claims against Defendants Van Allen and Shuman. *See* Dkt. No. 38. Defendants argued that, although they had submitted sufficient evidence, in admissible form, to establish their entitlement to summary judgment, Plaintiff had not submitted any evidence, in admissible form, to create a genuine issue of material fact regarding the incident in question. *See id.*

After reviewing a magistrate judge's recommendations, the district court may decide to

accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

The Court has reviewed the record *de novo* in light of Defendants' objections to Magistrate Judge Dancks' Report-Recommendation and Order and finds those objections unfounded. Despite Defendants' assertion to the contrary, Plaintiff has met his burden to come forward with some evidence to create a triable issue of fact about the incident in question. As Magistrate Judge Dancks noted in her Report-Recommendation and Order, the weighing of the parties' competing versions of events and the determination of the credibility of those involved are questions for a jury, not a judge. *See* Dkt. No. 37 at 9 (citations omitted).

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' March 10, 2015 Report-Recommendation and Order is **ACCEPTED in its entirety for the reasons stated therein**; and the Court further

**ORDERS** that Defendants' motion for summary judgment, *see* Dkt. No. 29, is **DENIED** with respect to Plaintiff's excessive force claims against Defendants Van Allen and Shuman and

**GRANTED** with respect to Plaintiff's failure-to-protect claim against Defendant Tremper; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Dancks for the appointment of *pro bono* counsel to represent Plaintiff for purposes of trial only; any appeal shall remain the responsibility of Plaintiff alone unless the Court grants a motion for appointment of counsel for appeal; and the Court further

**ORDERS** that, upon assignment of *pro bono* counsel, the Court will schedule a telephone conference with counsel to determine a date for the trial of this matter; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2015
       Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge